## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**JOREA M. MARPLE,**

       **Plaintiff,**

**v.**                               CIVIL ACTION NO.: *13-C-315*

**WEST VIRGINIA BOARD of EDUCATION,**

       **Defendant.**

### SUMMONS

*To the above-named defendant:*

    *IN THE NAME OF THE STATE OF WEST VIRGINIA,* you are hereby summoned and required to serve upon Timothy N. Barber plaintiff's attorney, whose address is P. O. Box 11746, Charleston, West Virginia, 25339, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within *20* days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above civil action.

Dated: *February 15, 2013*

                                     *Cathy S. Gatson*
                                   Clerk of Court

            By: *Maryanne Samnick*
               Deputy Clerk



**DEFENDANT'S EXHIBIT**
*1*

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**JOREA M. MARPLE,**

       **Plaintiff,**

**v.**                                       CIVIL ACTION NO.: _13-C-318_

**WEST VIRGINIA BOARD of**
**EDUCATION,**

       **Defendant.**

### COMPLAINT

Plaintiff, complaining, says:

1. Plaintiff is now and all times pertinent to this action a resident and citizen of the United States of America and the State of West Virginia.

2. In such capacity, plaintiff was and is subject to the rights, duties and benefits of the constitution, enactments, rules and judicial precedents derived from those governmental entitles.

3. Defendant is an agency of the state of West Virginia deriving its origin and present existence from the West Virginia Constitution (Article XII, Section 2) and subsequent legislation and judicial interpretations thereof. Defendant is composed of nine (9) members appointed by the governor of West Virginia for terms of nine (9) years. The president of the defendant was elected by its members as the executive to preside over its activities. The president now and at all pertinent times was, and is, Wade L. Linger, Jr.

4. Plaintiff was employed by defendant as the West Virginia Superintendent of

Schools in January 2011.

5. The terms of employment included a provision that plaintiff would serve at the "will and pleasure" of defendant. Further, terms applicable to all contracts whether announced in a writing or not declare that the employment would be subject to good faith and fair dealing by both parties.

6. Plaintiff fully performed all the duties assigned her by defendant and applicable law from the date of her employment until its termination on November 14, 2012.

7. During the course of her employment, plaintiff received exemplary performance evaluations by independent investigation which were submitted by defendant the last of which was filed in June, 2012.

8. No dissent to those evaluations was ever registered by any person, or entity including the defendant or any of its members.

9. To enable full transparency to the activities of the defendant it was and is subject to the "open meetings" laws as codified in the West Virginia Code Chapter 6, Article 9A Section 1 et seq. Further defendant promulgated a regulation (Title 126, series 3, section 4) specifically endorsing the legislation and refining its applicable terms concerning "executive sessions."

10. The directives of those provisions forbid meetings and discussions concerning the actions of the board by its members outside the announced meeting times and locations.

11. Contrary to those provisions, president Linger began an agenda of his own in March 2012, to replace plaintiff in her position as superintendent. That agenda (herein the agenda) included contacting persons to replace plaintiff.

12. The furtherance of this agenda by president Linger included contacting various board members to achieve their agreement to his proposed actions.

13. None of the efforts of president Linger or any of the board members of defendant who were induced to join him to advance this agenda were revealed to the full membership of defendant, the plaintiff or the public as required by applicable law.

14. Instead president Linger with his allies of the defendant continued this covert agenda past the reception and tacit endorsement of plaintiffs superior performance evaluation in June 2012 and further until the meeting of defendant on November 14, 2012.

15. In accordance with the applicable law, an agenda for a regularly held meeting was published for the meeting scheduled for November 14, 2012,. That agenda included a notation that a single "personnel" matter would be addressed in "executive session" as allowed by statute and regulation. That agenda item stated nothing concerning plaintiff's position and the prospects of her termination.

16. When consideration of the announced personnel matter came abut, president Linger announced an "executive session" barring the public and press from witnessing the dialogue on any presented issue.

17. Without any notice on the agenda or otherwise, president Linger presented his agenda for terminating plaintiff from her position and illegally tallied a vote of a majority of the board to sustain the firing.

18. Upon returning to the open meeting, president Linger announced the termination of plaintiff "at the end of the business day, November 15, 2012." No vote details in the executive session were announced and two board members of defendant announced their

-3-

intention to resign in protest of the action regarding plaintiff.

19. The act of the defendant, sponsored by president Linger was against the specific advice of counsel.

20. At the continued meeting of defendant held November 15, 2012, a proposal to reconsider the firing was rejected.

21. Shortly following these two meetings, defendant was named in a proceeding filed in the West Virginia Supreme Court of Appeals questioning the procedure held November 14, 2012 and claiming it to be void as an illegal action. Following that submission, president Linger scheduled a "special session regarding the position of State Superintendent of Schools and such other matters as may be required." At that meeting, again defendant retreated to executive session "to discuss the termination of Dr. Marple (plaintiff)." After a period of one hour and sixteen minutes, defendant returned to open session.

22. In that open session, president Linger announced the accomplishment of his agenda he inaugurated in March 2012 by stating: "[I] is my position that it is no longer the will of the Board to retain Dr. Marple as superintendent, and I recommend her termination and replacement." He prefaced such a "recommendation" by claiming support "in the West Virginia Code and West Virginia Constitution" where he perceived plaintiff served at "the will and pleasure" of the defendant without any qualification.

23. No reference to any legal authority or advice of counsel accompanied this "recommendation."

24. In obedience to president Linger's "recommendation," a motion was made and seconded by defendant members and a majority voted in favor of the termination this time in

-4-

open session to blunt the thrust of the aforementioned legal proceeding.

25. At this "special session" after the termination vote, president Linger embarked upon a recitation of the reasons for plaintiff's firing, which included "just a few of my thoughts." That statement was followed by his declaring "just a few of our concerns" ending with four specific charges. All of these allegations appear in the minutes of this meeting of defendant which are attached as Exhibit 1 and mdke a part of this pleading.   Upon motion and second, this "statement" was "adopted" by defendant as an entity. After apologizing for "any mistakes" he made "over the past couple of weeks," president Linger again opined that the firing of plaintiff was "the right thing to do."

26. Aside from the specific allegations of plaintiff's failure to achieve results reflected in statistics and her direct shortcomings numbered 1 through 4, no ingredients of a new "direction with new leadership" were revealed which were the generalized supposed reasons for her firing.

27. None of the general or specific foundations for plaintiffs firing were ever given her by either president Linger or any board member of defendant.  Plaintiff was never provided an opportunity to digest whatever the "new direction" was and offer to facilitate it or refuse to do so.  Instead she was summarily dismissed with less than twenty-four hours notice irrevocably staining a brilliant career in education of over three decades.

28. All of the reasons, pontifications, statistical reports, and verbiage recited by president Linger and "adopted" by a majority of the defendant's board members as they relate to plaintiff were false, had no relationship to her tenure as superintendent, and contrived in secret by president Linger and his allies on the board to advance an agenda to defendant of her

-5-

performance as a dedicated, honest and incorruptible public servant.

## COUNT 1

29. The due process provisions of the United States Constitution – Amendments V and XIV and the West Virginia Constitution Article III, Section 10, require procedural safeguards against State action which affects a liberty or property interest of its citizenry.

30. Plaintiff had both a liberty and property interest in her employment by defendant which were violated by her summary dismissal from her position as superintendent of schools by defendant.

31. The emplaced liberty interest involves plaintiff's right to due process of law when an action by the state (here by defendant) reflects upon her good name, reputation and potential for future employment.

32. The emplaced property interest involves plaintiff's right to continued government employment as superintendent of schools so long as she performed the requisites of the office and acted in obedience to the legitimate directives of the defendant.

33. Plaintiff performed her duties as superintendent with precision, ability and imagination while responsive to all requests and requirements of the defendant without any exception.

34. By the summary, unjustified action of defendant in terminating her employment, with the protection of due process of law, plaintiff (a) has suffered an irreparable damage to her name, her reputation and her ability for future employment in contravention to her right to liberty and (b) has been denied her right to continued government employment in

contravention to her right to her property.

35. Due process as applied to plaintiff's dismissal by defendant demanded (a) a formal written notice of charges (b) sufficient opportunity to prepare to rebut the charges (c) opportunity to have retained counsel at any hearing on the charges (d) to confront her accusers (e) to present evidence on her own behalf (f) an unbiased hearing tribunal and (g) an adequate record of proceedings.

## COUNT 2

36. As alleged herein above, part of the emplaced public policy of West Virginia is that all contracts including agreements of employment include a provision whether or not stated in the text of the written document or the context of an oral agreement that the parties shall deal with one another in good faith and with fairness free of arbitrary, capricious or despotic action.

37. By the summary, unjustified action of defendant in terminating plaintiff's employment defendant has violated that public policy by acting in precisely the manner it prohibits.

## COUNT 3

38. The recitations of president Linger set out in Exhibit 1 were offered as a foundation for the termination of plaintiff's position as superintendent of schools and were "adopted" by the defendant.

39. Those recitations were completely false as to plaintiff and defamed her.

## COUNT 4

40.  The recitations of president Linger set out in Exhibit 1 were offered as a foundation for the termination of plaintiff's position as superintendent of schools and were "adopted" by the defendant.

41.  Those recitations were completely false and cast plaintiff in a false light.

## COUNT 5

42.  When defendant summarily terminated plaintiff's employment as superintendent of schools, it did so under color of a statute, custom, or usage of the state of West Virginia.

43.  That act by defendant was intended to and did in fact deprive plaintiff of her rights secured by the United States Constitution as prohibited by 42 U. S. C. 1983.

## COUNT 6

44.  Plaintiff was and is vested with a right to the application of due process of law to assure her rights to liberty and property assured in the aforementioned provisions of the constitutions of the United States and the State of West Virginia.

45.  Having failed to provide any aspect of plaintiff's rights to such due process prior to her termination, defendant can now provide a proper tribunal to receive evidence to allow defendant to substantiate the allegations in Exhibit 1 in a setting to permit a full airing of the issues surrounding this summary dismissal including plaintiff's responses.

-8-

47. As a result of the actions of defendant alleged herein, plaintiff:

(a) has suffered a loss of a life-time reputation in the field of education;

(b) has and will engage, the loss of her ability to gain employment on any level approaching that of superintendent of schools;

(c) has sustained extreme mental anguish and suffering;

(d) has been impaired in her ability to enjoy life;

(e) will never have the status in her personal and/or professional life to remedy the damage done to her.

48. The actions performed and adopted by defendant were and are willful, wanton, and in reckless disregard of plaintiff's rights allowing a recovery for compensatory damages as permitted by the evidence, and punitive damages.

## RELIEF

49. As equitable and injunctive relief in addition to the assessment of compensatory and punitive damages, plaintiff demands a full hearing with all the ingredients set out in paragraph 35 above to establish the exact charges that led to her termination including her response.

50. All damages and compensation claimed herein are bounded by the coverage and limits of the liability insurance policy carried by defendant.

51. As a jurisdictional predicate to the filing of this action, plaintiff served notice

-9-

of her intent to initiate this action by certified and registered mail more than thirty days before the

institution of this action sent to both the head f defendant and the West Virginia Attorney

General.  A copy of such notification is attached as Exhibit 2.

      52.  Plaintiff demands a jury trial on all issues so triable.

      53.  The allegations of this pleading are made in adherence to both Rule 11 of the

West Virginia Rules of Civil Procedure and the Code of Professional Conduct demanding an

investigation of a factual basis for allegations including the institution of frivolous claims;

however, upon the revelations of discovery and other investigatory tools, it may be required to

amend this complaint with new causes of action as well as additional parties.


_2/15/13_

DATE

        TIMOTHY N. BARBER (WVSB #231)
        P. O. Box 11746
        Charleston, West Virginia 25339-1746
        Counsel for Jorea Marple
        (304) 744-4400

        THOMAS PATRICK MARONEY (WVSB #2326)
        608 Virginia Street, East
        Charleston, West Virginia 25301
        Counsel for Jorea Marple
        (304) 346-9629

        A. ANDREW MacQUEEN, III (WVSB #2289)
        55 Abney Circle
        Charleston, West Virginia 25314
        Counsel for Jorea Marple
        (304) 344-2994

EXHIBIT 1

EXHIBIT 1

AGENDA
## WEST VIRGINIA BOARD OF EDUCATION
Board Conference Room
Capitol Building 6, Room 353
1900 Kanawha Boulevard, East
Charleston, West Virginia
November 29, 2012 – 10:00 a.m.

I.   Welcome - Introductions - Pledge of Allegiance - Call to Order
     L. Wade Linger Jr., President

II.  Delegation(s)

III. Approval of Agenda - (Action)

IV.  Reconsideration of Termination of State Superintendent of Schools,
     including Public Comment Thereon – (Discussion/Action)
     L. Wade Linger Jr., President

V.   Consideration of Hiring a New State Superintendent of Schools –
     (Discussion/Action)
     L. Wade Linger Jr., President

VI.  Oath of Office

VII. Board Items for Future Consideration – (Discussion)

VIII. Future Meetings - (Information)

     The next regular meeting of the WVBE will be held December 12, 2012, in
     Lincoln County, West Virginia. The meeting will continue on December 13,
     2012, in Charleston, West Virginia, if the agenda is not completed on
     December 12, 2012.

IX.  Adjournment - (Action)

**MINUTES**
**WEST VIRGINIA BOARD OF EDUCATION**
**Board Conference Room**
**Capitol Building 6, Room 353**
**1900 Kanawha Boulevard, East**
**Charleston, West Virginia**
**November 29, 2012**

I.                                       **Call to Order**

Following the welcome, introductions and Pledge of Allegiance, President L. Wade Linger Jr. called the meeting of the West Virginia Board of Education (WVBE) to order at 10:27 a.m. on November 29, 2012, in the Board Conference Room, Capitol Building 6, Room 353, Charleston, West Virginia.

The following members were present:  President Linger, Vice President Gayle C. Manchin (via telephone), Secretary Robert W. Dunlevy (via telephone), Michael I. Green (via telephone), Priscilla M. Haden, Lloyd G. Jackson II, Jenny N. Phillips (via telephone) and William M. White, and ex officio Charles K. Heinlein, State Superintendent of Schools. Members absent were ex officios Paul L. Hill, Chancellor, West Virginia Higher Education Policy Commission, and  James L. Skidmore, Chancellor, West Virginia Council for Community and Technical College Education.

II.                                      **Delegations**

The following delegations addressed the Board regarding the firing of Dr. Jorea Marple:

- Ms. Sandra Shaw, teacher, Raleigh County
- Ms. Karan Ireland, parent of children attending a West Virginia school
- Ms. Michelle Legg, teacher, Kanawha County
- Mr. Dale Lee, President, West Virginia Education Association
- Ms. Cleo Mathews, former WVBE member of Hinton
- Ms. Judy Hale, President, American Federation of Teachers-West Virginia
- Mr. Phil Wyatt, member, West Virginia Music Educators Association
- Mr. Robert S. Baker, Esq., representing friends and neighbors of Beckley
- Ms. Jenny L. Santilli, representing the West Virginia Foreign Language Teachers Association
- Ms. Judy Robinson, retired teacher and volunteer for Read Aloud West Virginia, Raleigh County
- Ms. Elizabeth Mow, resident of Buckhannon
- Ms. Jackee Long, President, West Virginia School Service Personnel Association
- Mr. John Quesenberry, teacher, Raleigh County

- Ms. Christine Campbell, President-Elect, American Federation of Teachers-West Virginia
- Mr. Kristopher G. Corbett, teacher, Kanawha County, representing the West Virginia Thespian Association,
- Ms. Susan Lattimer Adkins, life-time educator from Wayne County
- Mr. Julian Martin, citizen of Lincoln County
- Ms. Regina Pine, parent, Kanawha County
- Ms. Delores W. Cook, former WVBE member of Ridgeview.

Ms. Carolyn Arritt, retired teacher and former member of the Fayette County Board of Education, addressed the Board regarding education in West Virginia.

III.                                    **Approval of Agenda**

President Linger requested a motion to approve the agenda. Dr. White moved that the agenda be approved. Mr. Jackson seconded the motion and upon the call for the question the motion was carried unanimously.

IV.        **Reconsideration of Termination of State Superintendent of Schools, including Public Comment Thereon**

President Linger requested a motion to enter into executive session to discuss personnel matters.

Ms. Phillips moved that the issue regarding the reconsideration of the termination of the State Superintendent of Schools be tabled until it is resolved and the Supreme Court renders a decision. Ms. Haden seconded the motion and upon the call for the question the motion failed with two members, Ms. Haden and Ms. Phillips, voting yes, and six members, Dr. White, Mrs. Manchin, Mr. Dunlevy, Mr. Green, President Linger, and Mr. Jackson, voting no.

Ms. Haden requested that President Linger state a definitive purpose for the executive session. President Linger stated that the purpose of the executive session was to discuss the termination of the State Superintendent of Schools, Dr. Jorea Marple, as provided in W. Va. Code §6-9A-4(b)(2)(A) (personnel exception), and to address matters that may be covered by attorney-client privilege pursuant to W. Va. Code §6-9A-3.

Mr. Green moved that the Board enter into executive session. Dr. White seconded the motion and upon the call for the question the motion was carried with six members, Mr. Green, Dr. White, President Linger, Mr. Jackson, Mrs. Manchin, and Mr. Dunlevy, voting yes, and two members, Ms. Haden and Ms. Phillips, voting no. President Linger thereupon stated that, pursuant to the State Board of Education's prior policy as well as the statutory authority granted under the Open Meetings Act, the Board, upon majority vote, will now proceed to discuss the termination of Dr. Marple in executive session. The Board moved into executive session at 12:15 p.m.

**V.**                    **Return from Executive Session**

Dr. White moved that the Board return from executive session. Mr. Jackson seconded the motion and upon the call for the question the motion was carried unanimously. The Board returned from executive session at 1:31 p.m.

President Linger addressed the Board and stated that Dr. Marple served at the will and pleasure of the State Board of Education, pursuant to the West Virginia Code and West Virginia Constitution. As the President of the Board, it is my position that it is no longer the will of the Board to retain Dr. Marple as superintendent, and I recommend her termination and replacement.

Mr. Green moved for the termination and replacement of Dr. Marple. Dr. White seconded the motion and upon the call for the question the motion was carried with six members, President Linger, Mrs. Manchin, Mr. Dunlevy, Mr. Green, Mr. Jackson and Dr. White, voting yes, and two members, Ms. Haden and Ms. Phillips, voting no.

Ms. Haden issued a number of concerns regarding the work of the Board and the Department and issued her appreciation for a number of initiatives of the former Superintendent. Ms. Phillips thanked Ms. Haden and agreed with her statements.

President Linger read the following statement into the record.

*We have received lots of reaction from the public asking us to give more detail about a very difficult decision the board made two weeks ago.*

*Providing the reasons for any termination often runs afoul to advice and caution given from other circles.*

*Nonetheless, it is our duty to be as open as possible with the public.*

*I believe that most of the board will agree that we need to provide more explanation than we have to date.*

*The following are just a few of my thoughts.*

*Everyone is familiar with the situation we find ourselves in regarding the litany of statistics related to student achievement and our rankings.*

- *West Virginia students rank below the national average in 21 of 24 categories measured by the National Assessment of Education Progress (NAEP).*

- *As a matter of fact, over the last decade, many of our NAEP scores have slipped instead of improving.*

- *Education Week's most recent Quality Counts Report gave West Virginia an F in K-12 achievement.*

- *The statewide graduation rate is only 78 percent.*

- *1 in 4 of our high schools students in West Virginia do not graduate on time.*

*And these are just a few of our concerns.*

*We read all of these things in the papers. So do our friends and family, and we hear about them in business groups, social groups and education groups. School employees hear about them. Parents hear about them. Students hear about them. They are as frustrated as we are.*

*We are not saying that Superintendent Marple is any more responsible than governors, legislators, educators or board members for these shortcomings.*

*We are not here to affix blame today. However, we are charged with the general supervision of schools in West Virginia and we think the people of West Virginia deserve to have these problems fixed.*

*The board determined that in order to fix these problems we needed to head in a new direction with new leadership.*

*Some of the issues that caused board members to perceive a change was needed are the following:*

1. *Many members found no sense of urgency in the department to address some of the issues that have been outlined.*

2. *When discussing concerns, we often were met with excuses and not actions.*

3. *Too often we were told how things can't change instead of being offered solutions.*

4. *When current practices were challenged, we often found people being defensive.*

*Considering everything just outlined in this statement, I believe we needed a change in direction and in order to do that, we needed a change in leadership.*

President Linger requested a motion from the Board to adopt the statement as the Board's position. Ms. Haden requested time to review the statement prior to a vote.

| VI. | Break |
|-----|-------|

President Linger called for a break at 1:55 p.m.

**VII.**                              **Call to Order**

President Linger called the meeting back to order at 2:02 p.m.

Mr. Green moved that the Board adopt the statement as presented by President Linger. Dr. White seconded the motion and upon the call for the question the motion was carried with six members, President Linger, Mrs. Manchin, Mr. Dunlevy, Mr. Green, Mr. Jackson and Dr. White, voting yes, and two members, Ms. Haden and Ms. Phillips, voting no.

**VIII.**        **Consideration of Hiring a New State Superintendent of Schools**
**Executive Session**

President Linger, in accordance with W. Va. Code 6-9A-4(b)(2)(A) (personnel matters) called for a motion to enter into executive session to discuss personnel matters. Ms. Haden requested that President Linger state a definitive purpose for the executive session. President Linger stated that the purpose of the executive session was to discuss the hiring of a new State Superintendent of Schools, as provided in W. Va. Code §6-9A-4(b)(2)(A) (personnel exception), and to address matters that may be covered by attorney-client privilege pursuant to W. Va. Code §6-9A-3. Ms. Phillips questioned the legality of an executive session as it was not noticed on the agenda. Ms. Heather Hutchens Deskins, General Counsel to the Board and the Department responded that it is not required that executive sessions be placed on an agenda.

Mr. Green moved that the Board enter into executive session to discuss the hiring of a new State Superintendent of Schools. Mrs. Manchin seconded the motion and upon the call for the question the motion was carried unanimously. The Board entered into executive session at 2:07 p.m.

**IX.**                          **Return from Executive Session**

The Board returned from executive session at 3:24 p.m. at which time President Linger announced that no decisions were made.

President Linger stated that he believed that a nationwide search for a state superintendent should be undertaken but that statutory changes regarding qualifications for the position of state superintendent should be considered. He stated that it was his recommendation that the Board visit the issue of hiring a state superintendent at its meeting in December in order to give Board members time to provide input into the decision. He clarified that given the time that it will take to prepare to do a nationwide search and address statutory requirements for the position, that it was his belief that a state superintendent should be named in December to work through the upcoming Legislative session and the period of time in which it will take to conduct a thorough search.

Dr. White moved that Charles Heinlein be appointed State Superintendent of Schools pursuant to W. Va. Code §18-3-1. Ms. Haden seconded the motion and upon the call for the question the motion was carried unanimously.

President Linger issued the following statement:

*I have learned a lot of lessons over the past couple of weeks. I am just a business man who was asked to serve on this State Board. I can see now why a lot of people don't want to serve in state government. I approached this matter as a lot of business men would and I have now learned that you cannot always do that in the public sector.*

*Despite the difficulty of these decisions, I believe this is the right thing to do.*
*If I have made any mistakes over the past couple of weeks, I apologize to the people of West Virginia. It was always my intent to do the best I could for the students of West Virginia.*

**X.**                                    **Future Meetings**

The next regular meeting of the WVBE will be held December 12, 2012, in Lincoln County, West Virginia. The meeting will continue on December 13, 2012, in Charleston, West Virginia, if the agenda is not completed on December 12, 2012.

**XI.**                                        **Adjournment**

Mr. Jackson moved that the meeting be adjourned. Ms. Haden seconded the motion and upon the call for the question the motion was carried unanimously. The meeting was adjourned at 3:31p.m.

**Minutes approved by the Board on December 12, 2012.**

_____
**L. Wade Linger Jr., President**

_____
**Robert W. Dunlevy, Secretary**

*Minutes were recorded by*
*Virginia M. Harris*
*Secretary to the Board*
WVBEMinutes11/29/12

# EXHIBIT 2

EXHIBIT 2

## NOTICE of CLAIM and RELIEF

TO:    Darrell V. McGraw, Jr.
       Attorney General
       Ground Floor, Main Unit
       State Capitol Building 1
       Room 26-E
       Charleston, West Virginia 25305

       L. Wade Linger, Jr.
       President
       West Virginia Department of Education
       1900 Kanawha Boulevard, East
       Charleston, West Virginia 25305

Pursuant to WEST VIRGINIA CODE CHAPTER 55, ARTICLE 17, SECTION 3(a) you are hereby notified that counsel named below will bring a civil action against the West Virginia Department of Education (herein the "Department") and others in behalf of Jorea Marple upon the expiration of thirty (30) days from the date of this notice.

The claim arises from the illegal termination by the Department of Ms. Marple's employment as superintendent of the schools on November 15, 2012.

The relief sought for that illegal termination includes:

(a) A demand for Ms. Marple's immediate restoration to the position of superintendent of schools.

(b) A formal finding by the Department that Ms. Marple's termination was without foundation in existing jurisprudence.

(c) Compensatory and punitive damages for Ms. Marple's wrongful termination. Elements of those damages will include permanent injury to Ms. Marple's reputation and her ability to secure present and future employment.  Further, she has suffered humiliation and anguish as a direct proximate result of the termination.  Her right to enjoy life free from the unfounded action by

the Department has been impaired, and she has been severely inconvenienced in her life.

Since the action of the Department was without any legal or ethical basis, it was clearly accomplished by willful, wanton and/or malicious conduct on the part of the Department.

(d) In the alternative to restoration of Ms. Marple to the position of superintendent, she demands a full due process hearing in which the Department will bear the burden of proof and the burden of going forward with competent, admissible evidence that some conduct of Ms. Marple warranted her dismissal.


December 27, 2012
DATE

TIMOTHY N. BARBER (WVSB #231)
P. O. Box 11746
Charleston, West Virginia 25339-1746
Counsel for Jorea Marple
(304) 744-4400

THOMAS PATRICK MARONEY (WVSB #2326)
608 Virginia Street, East
Charleston, West Virginia 25301
Counsel for Jorea Marple
(304) 346-9629

A. ANDREW MacQUEEN, III (WVSB #2289)
55 Abney Circle
Charleston, West Virginia 25314
Counsel for Jorea Marple
(304) 344-2994

RUDOLPH L. DiTRAPANO (WVSB #1024)
604 Virginia Street, East
Charleston, West Virginia 25301-2184
Counsel for Jorea Marple
(304) 342-0133